

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

June 26, 2019

**BY ECF**

Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Jamese Snipes*, 17 Cr. 611 (AT)

Dear Judge Torres:

      The defendant in this case, Jamese Snipes, is scheduled to be sentenced on July 25, 2019, having pled guilty, pursuant to a plea agreement, to racketeering conspiracy, in violation of Title 18, United States Code, Section 1962(d). The Government respectfully submits this letter in advance of the sentencing.

      In the plea agreement, the parties stipulated that the Guidelines range is 70 to 87 months' imprisonment (the "Stipulated Guidelines Range"). In its Presentence Investigation Report ("PSR"), dated October 9, 2018, the Probation Department calculates a Guidelines Range of 78 to 97 months' imprisonment. *See* PSR ¶ 154.[1] For the reasons explained in this letter, the Government believes that a sentence within the Stipulated Guidelines Range is sufficient, but not greater than necessary, to account for the factors set forth in Title 18, United States Code, Section 3553(a).

## BACKGROUND

**A. Offense Conduct**

      This case involves members of two violent street gangs: one gang known as the "Young Gunnaz," or "YGz," and one gang known as "MBG," which stands for "Millbrook Gangstas" or "Money Bitches Guns." Feuds between these gangs and their rivals resulted in attempted murders,

---

[1] The Probation Department assesses two additional criminal history points for Snipes committing the instant offense while under probation supervision, resulting in an offense level of II, not I, as provided for in the plea agreement. PSR ¶ 155. The Government stands by its plea agreement with the defense, however, and recommends a sentence within the Stipulated Guidelines Range of 70 to 87 months' imprisonment.

shootings, assaults, and other acts of violence, effectively creating a war zone in the South Bronx for several years. PSR ¶ 27.

Snipes was member of the YGz. The YGz gang started in or about 2003 as a group of young men who socialized together and were involved in street-level crime. PSR ¶ 31. The YGz gang eventually grew to become a substantial criminal organization with sets of gang members who have engaged in criminal activities throughout New York City. PSR ¶ 31. In recent years, the YGz gang was comprised of sets based in (among other places) several housing developments in the South Bronx. PSR ¶ 31. YGz gang members have identified themselves with distinctive hand signs and a distinctive handshake. PSR ¶ 31. The gang also had slogans its members used in conversation with one another, on social media, or in rap videos. PSR ¶ 31. For example, in greeting each other, YGz members would often say "What's Gunnin?" or "YGz Up!" PSR ¶ 31. And several members of the YGz have tattoos with the letters "YG," signifying "Young Gunnaz." PSR ¶ 31.

In connection with his membership in the YGz, Snipes was involved in two shootings, described below and in the PSR.

In April 2015, fellow YG member Miguel Calderon (who was sentenced to 60 months' imprisonment) provided a firearm to fellow YG member Oscar Briones. Briones later provided that firearm to Wesley Monge. On April 27, 2015, Monge and Snipes went to pick up Briones's little brother from school in between the Millbrook Houses and Mitchel Houses. Snipes and Monge saw rival gang members from the Mitchel Houses, chased them, and shot at them. Snipes had planned the shooting on social media. No one was hit in the shooting. PSR ¶ 57.

On March 7, 2016, Snipes aided and abetted Calderon, who shot and injured a rival gang member in the vicinity of 320 Beekman Avenue in the Bronx. PSR ¶ 60.

In addition to acts of violence, from 2010 to October 2017, Snipes conspired to distribute at least one kilogram but less than 2.5 kilograms of marijuana. PSR ¶ 64.

### B. The Presentence Investigation Report

On October 9, 2018, the Probation Department issued the PSR for Snipes. As noted above, the Probation Department calculates a Guidelines Range of 78 to 97 months' imprisonment. The Probation Department recommends a below-Guidelines sentence of 54 months' imprisonment.

## ARGUMENT

**A. Applicable Law**

The Guidelines still provide strong guidance to the Court in light of *United States* v. *Booker*, 543 U.S. 220 (2005), and *United States* v. *Crosby*, 397 F.3d 103 (2d Cir. 2005). Although *Booker* held that the Guidelines are no longer mandatory, it also held that the Guidelines remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing. 543 U.S. at 264. As the Supreme Court has stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range"—that "should be the starting point and the initial benchmark." *Gall* v. *United States*, 55 U.S. 38, 49 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); the four legitimate purposes of sentencing, *see id.* § 3553(a)(2); "the kinds of sentences available," *id.* § 3553(a)(3); the Guidelines range itself, *see id.* § 3553(a)(4); any relevant policy statement by the Sentencing Commission, *see id.* § 3553(a)(5); "the need to avoid unwarranted sentence disparities among defendants," *id.* § 3553(a)(6); and "the need to provide restitution to any victims," *id.* § 3553(a)(7).

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

Courts may not presume that the appropriate sentence necessarily lies within the Guidelines range, but "the fact that § 3553(a) explicitly directs sentencing courts to consider the Guidelines supports the premise that the district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Gall*, 552 U.S. at 50 n.6. Their relevance throughout the sentencing process stems in part from the fact that, while the Guidelines are advisory, "the sentencing statutes envision both the sentencing judge and the Commission as carrying out the same basic § 3553(a) objectives," *Rita* v. *United States*, 551 U.S. 338, 348 (2007),

and the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall*, 552 U.S. at 46; *Rita*, 551 U.S. at 349. To the extent a sentencing court varies from the Guidelines sentence, "[it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall*, 552 U.S. at 50.

**B. Discussion**

In this case, a sentence within the Stipulated Guidelines Range of 70 to 87 months' imprisonment is appropriate.

First, the crimes committed by Snipes and others in this case are extremely serious, and wreaked havoc on the Mill Brook Houses and its residents. Snipes shot at a rival gang member on April 27, 2015, in a shooting that he planned on social media. In addition, almost one year later, he aided a fellow YG member Miguel Calderon in shooting and hitting a rival gang member on March 7, 2016. In addition, Snipes sold more than one kilogram of marijuana from 2010 to 2017. A sentence within the Stipulated Guidelines Range is necessary to reflect the severity of the defendant's conduct and provide just punishment for his actions.

Second, a sentence within the Stipulated Guidelines Range of 70 to 87 months' imprisonment is appropriate to deter similar conduct and to provide specific deterrence for this defendant. The adverse consequences of shootings and narcotics trafficking are substantial, and a sentence within the Stipulated Guidelines Range would show the defendant that these actions will not be tolerated.

Third, as the Government has represented to this Court, the Government views Snipes, Monge, Briones, and Calderon as similar in terms of culpability. However, the Government submits it is reasonable for Snipes' sentence to be greater than Calderon's 60-month sentence, and the Government's requested 60-month sentences for Monge and Briones because Snipes was the organizer on social media of the April 27, 2015 shooting, and because he also distributed over one kilogram of marijuana between 2010 and 2017.

## **CONCLUSION**

For these reasons, the Government respectfully submits that a sentence within the Stipulated Guidelines Range is warranted for Jamese Snipes.

        Respectfully submitted,

        GEOFFREY S. BERMAN
        United States Attorney

By:    /s/
        Jordan Estes
        Alexandra Rothman
        Assistant United States Attorneys
        (212) 637-2543/2580

cc: David Touger, Esq. (via ECF)